Mary Jo O'Neill, AZ Bar No. 005924
Andrea G. Baran, MO Bar No. 46520
Meenoo Chahbazi, DC Bar No. 494651
Christopher R. Houk, AZ Bar No. 020843
**Equal Employment Opportunity Commission**
3300 N. Central Ave., Suite 690
Phoenix, AZ  85012
Telephone:  602-640-5061
Email:  mary.oneill@eeoc.gov
       andrea.baran@eeoc.gov
       meenoo.chahbazi@eeoc.gov
       christopher.houk@eeoc.gov

Attorneys for Plaintiff

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Equal Employment Opportunity Commission, | )<br>)<br>) |
| Plaintiff, | ) |
| vs. | )<br>)<br>) |
| Swift Aviation Group, Swift Aviation Services Inc., and Transpay Inc. | )<br>)<br>)<br>) |
| Defendants. | )<br>)<br>) |

Case No.:

**Complaint**

(Jury Demand)

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct alleged unlawful employment practices on the basis of national origin and religion and to provide appropriate relief to Adam Donmez, who was adversely affected by such practices.  The Commission alleges that Defendants Swift Aviation Group, Swift Aviation Services Inc., and Transpay Inc., discriminated against Mr. Donmez because of his national origin, Palestinian/Turkish (Arab, Middle Eastern),

and because of his religion (Muslim) by subjecting him to national origin and religious harassment, by failing to take prompt remedial action intended to eliminate the harassment, and by constructively discharging his employment, in violation of Title VII.

## JURISDICTION AND VENUE

1.      Jurisdiction of this court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Sections 706(f)(1) and 706(f)(3), of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e-5(f)(1) and 2000e-5(f)(3), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. §1981a.

2.      The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of Arizona.

## PARTIES

3.      Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4.      At all relevant times, Swift Aviation Group has continuously been an Arizona company doing business in the State of Arizona, and has continuously had at least 15 employees.

5.      At all relevant times, Swift Aviation Group has continuously been an

employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

6.     At all relevant times, Swift Aviation Services Inc. has continuously been an Arizona company doing business in the State of Arizona, and has continuously had at least 15 employees.

7.     At all relevant times, Swift Aviation Services Inc. has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

8.     At all relevant times, Transpay Inc. has continuously been an Arizona company doing business in the State of Arizona, and has continuously had at least 15 employees.

9.     At all relevant times, Transpay Inc. has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

10.     Upon information and belief, Swift Aviation Services, Inc., Swift Aviation Group, and Transpay Inc. are Adam Donmez's co-employers or joint employers.

11.     Upon information and belief, employees physically work for Swift Aviation Services and Swift Aviation Group and are subject to Swift Aviation Services' and Swift Aviation Groups' policies and procedures.

12.     Upon information and belief, Transpay Inc. administers the Human Resources, payroll, and benefits for employees, and the Human Resources Director for Swift Aviation Services and Swift Aviation Group is also an employee of Transpay.

## STATEMENT OF CLAIMS

13.     More than thirty days prior to the institution of this lawsuit, Adam Donmez filed a charge with the Commission alleging violations of Title VII by Defendants.

14.     All conditions precedent to the institution of this lawsuit have been fulfilled.

15.     In approximately October 2007, Mr. Donmez began working for Defendants in Line Services.

16.      Since at least early 2008, Defendants have engaged in unlawful employment practices at their Phoenix, Arizona facility in violation of Section 703(a) of Title VII, 42 U.S.C. §§2000e-2(a).  These practices include subjecting Mr. Donmez to a hostile work environment because of his national origin, Palestinian/Turkish (Arab, Middle Eastern) and because of his religion (Muslim) and subjecting him to constructive discharge.

17.     The hostile work environment included harassment by Mr. Donmez's managers.

18.     The discriminatory practices include, but are not limited to:

   a)      Offensive and derogatory conduct, such as asking Mr. Donmez "Can you tell me why you came to work today dressed like you are gonna blow up the World Trade Center?"

   b)      Making violent references such as "I don't know why we don't just kill all them towelheads."

c)      Discriminatory remarks about Arabs, such as describing a baby born to a U.S. soldier overseas as a citizen if born on a military base, "but if it was born in the desert then it's an Arab, and you just shit the enemy."

d)      Following and surveilling Mr. Donmez while he was trying to do his job, while other employees were not similarly followed.

e)      Not allowing Mr. Donmez to work on assignments he requested and assigning him to assignments he was perceived to dislike.

f)      Defacing a copy of the Quran that Mr. Donmez kept in his work locker.

g)      Harassing Mr. Donmez after he was badly injured at work and making him wait almost an hour while he was in severe pain before he was allowed to leave.

19.     Mr. Donmez reported the discrimination and harassment to supervisors.

20.     Defendants' management witnessed one or more of the incidents of harassment set forth in paragraph 16.

21.     Defendants' management was aware that other Middle Eastern employees were also subjected to discrimination and harassment.

22.     At least one supervisor who subjected Mr. Donmez to harassment and a hostile work environment because of national origin and religion had immediate or successively higher authority over Mr. Donmez, and therefore, Defendant is vicariously liable for that harassment.

23.     Defendants failed to take prompt, effective, remedial action to prevent the harassment from continuing to occur.

24.     The conditions of employment that Mr. Donmez was subjected to were intolerable and a reasonable person in his position would have felt forced to quit because of the intolerable and discriminatory conditions.

25.     By allowing the continued workplace harassment, Defendants forced Mr. Donmez to resign his employment.

26.     The effect of the practices complained of in paragraphs 16 – 25 above has been to deprive Mr. Donmez of equal employment opportunities and otherwise adversely affect his status as an employee because of his national origin and religion.

27.     The unlawful employment practices complained of in paragraphs 16 – 25 above were intentional.

28.     The unlawful employment practices complained of in paragraphs 16 – 25 above were done with malice and/or with reckless indifference to the federally protected rights of Mr. Donmez.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.     Grant a permanent injunction enjoining Defendants, their officers, successors, assigns, and all persons in active concert or participation with them, from engaging in any employment policy or practice which creates a hostile work environment based on national origin or religion, constructively discharging employees because of

their national origin or religion, or otherwise discriminates on the basis of national origin and/or religion.

B.    Order Defendants to institute and carry out policies, practices, and programs which prohibit racial, ethnic or religious harassment in the workplace, provide equal employment opportunities for employees regardless of their national origin or religion, and eradicate the effects of past and unlawful employment practices;

C.    Order Defendants to make whole Mr. Donmez by providing appropriate back pay with pre-judgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of Defendants' unlawful employment practices,  including but not limited to rightful-place reinstatement of Mr. Donmez or, alternatively, front pay.

D.    Order Defendants to make whole Mr. Donmez by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, including but not limited to, job search and relocation expenses, in amounts to be determined at trial;

E.    Order Defendants to make whole Mr. Donmez by providing compensation for past and future non-pecuniary losses, including but not limited to, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

F.    Order Defendants to pay Mr. Donmez punitive damages for the malicious and/or reckless conduct described above, in amounts to be determined at trial;

G.      Order Defendants and their successors to provide training to officers, managers, and employees regarding discriminatory national origin and religious harassment in the workplace;

H.      Grant such further relief as the Court deems necessary and proper in the public interest; and

I.      Award the Commission its costs in this action.

## **JURY TRIAL DEMAND**

The Commission requests a jury trial on all questions of fact raised by this complaint.

RESPECTFULLY SUBMITTED this 4th day of September, 2012.

P.  DAVID LOPEZ
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
131 M Street, N.E.
Washington, D.C.  20507

*s/ Mary Jo O'Neill*
MARY JO O'NEILL
Regional Attorney

*s/ Andrea G. Baran*
ANDREA G. BARAN
Supervisory Trial Attorney

*s/ Meenoo Chahbazi*
MEENOO CHAHBAZI
Trial Attorney

*s/ Christopher Houk*
CHRISTOPHER HOUK
Trial Attorney

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION, Phoenix District Office
3300 N. Central Ave., Suite 690
Phoenix, Arizona 85012

Attorneys for Plaintiff

**PLEASE NOTE:**
**For the purposes of service upon the EEOC,**
**it is sufficient that pleadings, notices, and**
**court documents be served upon the Trial Attorneys.**