IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Equal Employment Opportunity Commission,<br><br>        Plaintiff,<br><br>  vs.<br><br>Swift Aviation Group, Swift Aviation Services Inc., and Transpay, Inc.,<br><br>        Defendants. | Case No.: CV-12-01867-PHX-NVW<br><br>**CONSENT DECREE** |

    The United States Equal Employment Opportunity Commission filed this action against Swift Aviation Group, Swift Aviation Services Inc., ("Swift") and Transpay Inc. to enforce Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991.  Only Swift Aviation Services Inc. ("Defendant") remains as a Defendant in this matter.  In its Complaint, the Commission alleged that Defendant discriminated against Charging Party Adam Donmez by subjecting him to harassment and a hostile work environment based upon his national origin and religion. The Commission also alleged that Defendant caused Mr. Donmez to be constructively discharged.

    In the interest of resolving this matter, and as a result of having engaged in comprehensive settlement negotiations, the Parties have agreed that this action should be finally resolved by entry of this Decree.  The Parties do not object to the jurisdiction of the Court over this action and waive their rights to a jury trial and the entry of

findings of fact and conclusions of law.

1. This Decree resolves all claims of the Commission against Defendant, including back pay, compensatory and punitive damages, interest and injunctive relief arising out of the issues in this lawsuit.

2. This Decree conforms to the Federal Rules of Civil Procedure and Title VII and is not in derogation of the rights and privileges of any person. The entry of this Consent Decree will further the objectives of Title VII and is in the best interests of the Commission, Donmez, Defendant, and the public.

3. This Decree is fair, adequate, and reasonable.

4. This Decree, and any provision herein regarding Swift, applies to its officers, agents, employees, successors, and assigns.

It is hereby ORDERED, ADJUDGED AND DECREED:

## INJUNCTION

5. Defendant and its officers, agents, employees, successors, assigns, and all persons in active concert or participation with them, both at the time that this Decree becomes effective and for the duration of this Decree, are permanently enjoined from: (a) subjecting any employee to harassment based upon national origin or religion, and (b) retaliating against any employee because he or she (i) opposed discriminatory practices made unlawful by Title VII, (ii) filed a charge of discrimination or assists or participates in the filing of a charge of harassment based on national origin or religion, or (iii) assists or participates in an investigation or proceeding brought under Title VII.

## MONETARY RELIEF

6. Judgment is hereby entered in favor of the Commission and against Defendants in the amount of $50,000.00 (Fifty Thousand Dollars).

7. Defendants will not condition the receipt of individual relief on Mr. Donmez's agreement to (a) maintain as confidential the facts and/or allegations underlying his charge and complaint and the terms of this Decree; (b) waive his statutory right to file a charge with any governmental agency; (c) refrain from reapplying for a job

with Defendant; or (d) agree to a non-disparagement and/or confidentiality agreement.

8. Within ten (10) days from the Court's entry of this Consent Decree, Defendant shall pay the gross sum of $50,000.00 (Fifty Thousand Dollars) to Adam Donmez, including $5,000.00 (Five Thousand Dollars) in backpay and $45,000.00 (Forty-Five Thousand Dollars) in compensatory damages. Payment shall be made by check, cashier's check, or money order mailed to Mr. Donmez at an address to be provided by the EEOC.

9. Defendant shall pay the employer's share of all payroll taxes, including but not limited to FUTA and FICA, on the backpay portion of the payment for the tax year during which the payment is made, and those amounts shall not be withheld from the settlement amount. If, within three days of entry of this Decree, Mr. Donmez chooses to provide Defendant with new information regarding requested withholdings, Defendant will use the updated information; otherwise, Defendant will calculate the payroll taxes based upon the latest information Mr. Donmez provided during his employment. Defendant shall make no deductions from the money paid as compensatory damages.

10. Defendant will issue to Mr. Donmez an IRS Form W-2 for the backpay portion of the settlement and an IRS Form 1099 for the compensatory damages portion of the settlement.

11. Within three business days of mailing the payment to Mr. Donmez, Defendant will mail a copy of the check or money order and all related correspondence to the Regional Attorney of the Commission's Phoenix District Office, Equal Employment Opportunity Commission, 3300 North Central Avenue, Suite 690, Phoenix, Arizona 85012.

**OTHER INDIVIDUAL RELIEF**

12. Defendant will expunge from Mr. Donmez's personnel file(s) all references to the allegations against Defendant that formed the basis of this action and all references to participation in this action. Defendant shall ensure that all of Defendants' records reflect that Mr. Donmez voluntarily resigned from its employment. Notwithstanding the

foregoing, it is not a violation of this Decree for Defendant to place all such items in the custody of its attorneys, nor shall it be a violation of this Decree for Defendant to use such items in subsequent litigation.

13. Within ten (10) days of entry of this Decree, Defendant will mail to Mr. Donmez a neutral letter of reference (attached as Exhibit A).

## EQUITABLE RELIEF

### A. Notice Posting

14. For the duration of this Decree, Defendant will post the notice attached as Exhibit B in a prominent place frequented by its employees at the place where employee notices are typically posted. The notice will be posted in English and will be the same type, style, and size as set forth in Exhibit B.

### B. Training

15. Within sixty (60) days of entry of this Decree, and at least annually thereafter, Defendant will provide EEO training for all its employees. Under this provision, employees will be trained at a minimum in the following areas: (a) the Defendant's policy and procedures for reporting alleged religion and national origin discrimination; (b) understanding the kind of conduct which may constitute unlawful religion or national origin discrimination or harassment; (c) the penalties of engaging in religion or national origin discriminatory behavior; and (d) Defendant's non-retaliation policy. All training under this paragraph will be at Defendant's selection and expense. Training may be by live presentation, online interactive training, and/or computer training, or any combination of the foregoing by an outside vendor. The training will be conducted as follows:

   **i.   Non-managerial Employees:** Defendant will provide non-managerial employees at least one (1) hour of training. At least half of the training time will focus on national origin harassment, religious harassment, and retaliation. Attendance will be mandatory for every employee on the days of such training.

     **ii.**     **Managerial and Supervisory Employees**: Defendant will require all individuals who work in a managerial or supervisory capacity, including all persons who have hiring authority, to receive at least two (2) hours of training regarding religion and national origin discrimination. At least half of the training time must directly address national origin harassment, religious harassment, and retaliation, and one (1) of the two (2) hours must be instruction regarding appropriate methods for receiving, investigating, and communicating about complaints of discrimination and for ameliorating discriminatory behavior. Defendant will emphasize with managerial and supervisorial employees that due to their position of power, such employees (a) must be particularly vigilant not to discriminate, whether consciously or because they rely on subconscious stereotypes; (b) must be sensitive to how their actions or words might be perceived by subordinate employees; and (c) must avoid the temptation to retaliate against an employee because a complaint is made, or might be made, against them. Additionally, Defendant will require employees who are newly hired or recently promoted into a managerial or supervisory position to complete the requisite one (1) hour of complaint-handling training and one (1) hour of training regarding national origin harassment, religious harassment, and retaliation within twenty (20) days of being hired or promoted.

     **iii.**     **Human Resource Employees:** Defendant will require all individuals who work in a human resource capacity to receive at least four (4) hours of training annually regarding Title VII and other federal anti-discrimination laws. This training must directly address national origin harassment, religious harassment, and retaliation, the proper methods of receiving, communicating, investigating (where applicable), and ameliorating discrimination, including the proper procedures for documenting and preserving evidence of discrimination, archiving the corporation's investigation of complaints, as well as detailing the consequences and result of the investigation

where discrimination is found. Defendant will also require employees who are newly hired or promoted into a human resource position to complete at least one (1) hour of general EEO training within thirty (30) days of being hired or promoted into a human resource position (in addition to the four (4) hours of training discussed above, which may occur at a later time).

   **iv.**  **Training on Investigative Techniques:** All employees with responsibility for responding to or investigating complaints of discrimination will receive at least two (2) hours of annual training on accepted professional standards for receiving and investigating complaints of discrimination, including such matters as witness interview techniques, other evidence-gathering techniques, maintaining investigative notes and records, legal analysis of the evidence, and methods for eliminating and ameliorating violations of anti-discrimination law. For human resources employees, this training may be included in the training described in Paragraph 15(iii), above.

  16. All employees will sign an attendance log for every session attended and Defendant will maintain the attendance logs for the term of this Decree.

  **C.**  **EEO Compliance as a Component of Management Evaluation**

  17. Within sixty (60) days of entry of this Decree and continuously for the duration of this Decree, Defendants will develop and implement management evaluation and compensation systems which include compliance with Title VII's provisions that prohibit national origin and religious discrimination and retaliation and compliance with this Decree as factors which will be used to evaluate all managerial employees, including, but not limited to, all managers, co-managers, assistant managers, and district or regional managers responsible for Defendant's facilities in Arizona.

  18. Within sixty (60) days of entry of this Decree and continuously for the duration of this Decree, Defendants will advise their managerial officials that the amount of monetary bonuses these managers may be eligible for during the duration of this Decree are subject to reductions based on established non-compliance with Title VII's

provisions that prohibit national origin and religious discrimination and with this Decree.

**D.     EEO Policy Review and Implementation**

19.     Within sixty (60) days of the entry of this Decree, Defendants will, in collaboration with an outside consultant experienced in the area of employment discrimination law, review Defendant's existing EEO policies and revise, if necessary, to conform with the law. At a minimum, Defendants' EEO policies must include:

    i.      A strong and clear commitment to a workplace free of national origin harassment, religious harassment, and retaliation.

    ii.     Clear descriptions and examples of prohibited national origin harassment, religious harassment, and retaliation.

    iii.    A statement that harassment or discrimination based on national origin, religion, or retaliation is prohibited and will not be tolerated.

    iv.     A strong and clear statement encouraging persons who believe they have been discriminated against, harassed, or retaliated against to report such concerns.

    iv.     The identification of specific individuals, including names and telephone numbers, to whom employees may report their concerns about discrimination, harassment, or retaliation.

    v.      A statement that employees may report discrimination, harassment, or retaliation to designated persons outside their chain of management.

    vi.     A clear explanation of the steps an employee must take to report discrimination, harassment, or retaliation, which must include the options of either an oral or written complaint.

    vii.    An assurance that Defendants will investigate allegations of any activity that might be construed as unlawful discrimination, harassment, or retaliation and that such investigation will be prompt, fair, and reasonable.

    viii.   An assurance that national origin harassment, harassment based upon religion, and retaliation by all persons, including management officials,

supervisors, salespersons, vendors, suppliers, third parties, and customers, is prohibited and will not be tolerated.

  ix. A description of the consequences, up to and including termination that will be imposed upon employees who violate Defendant's EEO policies.

  x. Defendant shall protect the confidentiality of harassment complaints to the extent possible and will not share information relating to complaints of national origin discrimination, religious discrimination, and retaliation unnecessarily in conformance with the National Labor Relations Act. Nothing herein precludes Defendant from disclosing such information in any legal, equitable, legislative, or regulatory proceeding.

  xi. An assurance that Defendants will not retaliate against employees who report that they witnessed or were subjected to unlawful discrimination, harassment, or retaliation.

 20. Within sixty (60) days of entry of this Decree, Defendants will post its EEO policies in a prominent location frequented by employees and will distribute the policies to every current employee.

**E.** **Copy of Complaint, Charge of Discrimination, and Consent Decree**

 21. Defendants shall place copies of the Commission's Complaint, Mr. Donmez's Charge of Discrimination, and this Decree into the personnel files of Mike Cotton, Phillip Lake, and Jeff Smythe.

**RECORD-KEEPING AND REPORTING PROVISIONS**

 22. Within One Hundred Eighty (180) days of entry of this Decree and every six (6) months thereafter for the duration of this Decree, Defendants will provide sworn, written reports to the Regional Attorney of the Commission's Phoenix District Office, containing the following information:

  i. A copy of the policies reviewed and revised as required by Paragraph Nineteen (19) of this Decree.

  ii. For the previous six (6) month period, detailed information

regarding each known complaint of discrimination or harassment based on national origin or religion or retaliation made to any Defendant or made about any Defendant to any federal, state, or local government agency, "Complaints" include any written or verbal communication alleging discriminatory treatment, harassment, or retaliation, including all reports of potentially improper or unfair treatment based on national origin, religion, or retaliation, even if the words "harassment" or "discrimination" were not used in the report. The information will include:

    a.    The name, address, email address, and telephone number of each employee who made such a complaint.

    b.    The name, address, email address, and telephone number of each person identified as a potential witness to the alleged incident of discrimination, harassment, or retaliation.

    c.    A brief summary of each complaint, including the date of the complaint, the name of the individual(s) who allegedly engaged in the discriminatory conduct, Defendants' investigation and response to the complaint, the name of the person who investigated or responded to the complaint, and what, if any resolution was reached.

    d.    Copies of all documents memorializing or referring to the complaint, investigation, and resolution thereof.

    iii.    For each training session required under Paragraph Fifteen (15) conducted during the previous six (6) months, (a) copies of all agendas used for the training; (b) copies of all training material provided to or utilized by the trainers; (c) the name of each trainer and a summary of his or her qualifications; and (d) copies of the attendance logs required by Paragraph Sixteen (16).

23.    Within ninety (90) days of entry of this Decree, Defendants will provide a sworn, written report to the Regional Attorney of the Commission's Phoenix District Office, containing the following information: (1) confirmation that the notice required

in Paragraph Fourteen (14) of this Decree was posted, and the location(s) where it was posted; (2) confirmation that the systems required by Paragraphs Seventeen (17) and Eighteen (18) have been implemented; (3) confirmation that the policies required in Paragraph Nineteen (19) were posted and distributed to each current and new employee of Defendants; and, (4) confirmation that Defendants have complied with Paragraph Twelve (12), including the date of the expungement and identification of the specific documents expunged; and (5) confirmation that Defendant has complied with Paragraph Thirteen (13), including a copy of the neutral reference letter.

## COSTS AND DURATION

24. Each Party shall bear its costs and attorney's fees incurred as a result of this action through the filing of this Decree.

25. The duration of this Decree shall be twenty-four (24) months from its entry. This Court shall retain jurisdiction over this action for the duration of the Decree, during which the Commission may petition this Court for compliance with this Decree. Should the Court determine that Defendants have not complied with this Decree, the Court may order appropriate relief, including extension of this Decree for such period as may be necessary to remedy its non-compliance, an award of attorney's fees and costs, and fines for contempt of court.

26. In the event Defendant is not in compliance with any provision of this Decree, and the Commission petitions the Court to order Defendant to comply, Defendant shall pay all attorney's fees and costs incurred by the Commission to enforce the Decree, if ordered.

27. Absent extension, this Decree shall expire by its own terms at the end of twenty-four (24) months from the date of entry without further action by the Parties.

28. The parties agree to entry of this Consent Decree and judgment subject to final approval by the Court.

## EEOC AUTHORITY

29. With respect to matters or charges outside the scope of this Decree, this

Decree does not limit the powers of the Commission to seek to eliminate employment practices or acts made unlawful by any of the statutes over which the EEOC has enforcement authority and do not arise out of the claims asserted in this lawsuit.

Dated this 23rd day of July, 2013.

_____
Neil V. Wake
United States District Judge

AGREED TO FORM AND CONTENT:

_____
On behalf of
Swift Aviation Services Inc.

*/s/* John A. Doran
John A. Doran
Rosemary C. McCaffrey
LAW OFFICES
SHERMAN & HOWARD L.L.C.
201 East Washington Street, Suite 800
Phoenix, AZ 85004
Attorneys for Defendants Swift Aviation Group, Swift Aviation Services Inc. and Transpay Inc.

*/s/* Mary Jo O'Neill
MARY JO O'NEILL
Regional Attorney
Phoenix District Office

*/s/* Andrea G. Baran
Andrea G. Baran
Supervisory Trial Attorney

*/s/* Christopher R. Houk
Christopher R. Houk
Trial Attorney
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
Phoenix District Office
3300 N. Central Ave., Suite 690
Phoenix, Arizona  85012
Attorneys for Plaintiff

**EXHIBIT A**

[Defendant's Letterhead]

To Whom It May Concern:

    This letter will serve to confirm Adam Donmez's employment with Swift Aviation Services Inc. from _____ to _____.  During this time, Mr. Donmez held the position[s] of _____ and his last rate of pay was ___.

    Very truly yours,

    Owner

**EXHIBIT B**
**NOTICE TO ALL EMPLOYEES**
**Of Swift Aviation Services Inc.**

**This Notice is posted pursuant to a Consent Decree entered in the case** *Equal Employment Opportunity Commission (EEOC) v. Swift Aviation Services, Inc.,* **No. CV-12-01867-PHX-NVW, in the United States District Court for the District of Arizona.**

It is unlawful under federal and state law for an employer to discriminate against an employee on the basis of national origin or religion. Discrimination includes harassment, such as unwelcome verbal comments or physical conduct. It is also unlawful for an employer to retaliate against any person because that person complained about discrimination or reported discrimination to the EEOC or the Civil Rights Division ("ACRD").

Swift Aviation Services, Inc. will not retaliate against any employee for complaining about or reporting discrimination or harassment. If you believe you have been discriminated against, you have the right to seek assistance from:

(1) Equal Employment Opportunity Commission ("EEOC")
3300 North Central Avenue, Suite 690, Phoenix, Arizona 85012
Telephone: (602) 640-5000
TTY: (602) 640-5072
Website (national): www.eeoc.gov; or

(2) Arizona Civil Rights Division ("ACRD")
of the Attorney General's Office
1275 W. Washington, Phoenix, Arizona, 85007
Telephone: (602) 542-5263
TDD: (602) 542-5002
Toll Free: (877) 491-5742
Toll Free TDD: (877) 624-8090

You have the right to file a charge with the EEOC or ACRD if you believe you are being discriminated against, harassed, or retaliated against.

<u>No Retaliation Clause</u>.  It is against the law for Swift Aviation Services, Inc.'s supervisors or managers to take any action against you for (1) opposing discriminatory practices made unlawful by federal or state law; (2) filing a charge or assisting or participating in the filing of a charge of discrimination; or (3) assisting or participating in an investigation or proceeding brought under Title VII. Should any such retaliatory actions be taken against you, you should immediately contact the EEOC or ACRD at the addresses or telephone numbers listed above.